Argued and submitted September 27, vacated and remanded with instructions to enter judgment declaring defendants' actions do not violate constitutional provisions concerning separation of powers and plaintiffs do not have common law vested right to complete and continue use as provided in the Measure 37 waivers; otherwise affirmed December 29, 2010

Frank ROOD
and Mavis Rood,
by and through Janet A. Richards,
Guardian *ad litem*;
Frank B. Rood and Mavis E. Rood Trust,
Frank Rood, Mavis Rood,
and Janet A. Richards,
Co-Trustees;
James Smejkal;
Jerald Humbert;
and East Bay View Estates, LLC,
*Plaintiffs-Appellants,*

*v.*

COOS COUNTY
and State Of Oregon, by and through the
Department of Administrative Services
and Department of Land Conservation and Development,
*Defendants-Respondents.*

Coos County Circuit Court
08CV0537; A141994

246 P3d 69

William C. Cox argued the cause for appellants. With him on the briefs was Gary P. Shepherd.

Jacqueline Haggerty argued the cause and filed the brief for respondent Coos County.

Stephanie L. Striffler, Senior Assistant Attorney General, argued the cause for respondent State of Oregon. With her on the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Senior Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

After the trial court denied plaintiffs' motion for partial summary judgment and granted defendants' motions, it entered a judgment dismissing plaintiffs' declaratory judgment, impairment of contract, and promissory estoppel claims that concerned their right, after the enactment of Ballot Measure 49 (2007), to develop property pursuant to waivers issued by defendants under Ballot Measure 37 (2004).[1] Plaintiffs appeal that judgment. A statement of facts would not benefit the bench, the bar, or the public. For the reasons that we explain, we vacate the judgment, in part, and remand with instructions but otherwise affirm.

On appeal, plaintiffs contend that Measure 37 waivers were contracts that could not be impaired by Measure 49 under state and federal constitutional provisions[2] and that, "in refusing to abide by finally adjudicated Measure 37 orders pursuant to Measure 49, [defendants] violated constitutional separation of powers protections which prohibit legislation from nullifying or altering finally adjudicated matters." We recently rejected those contentions in *Smejkal v.*

---

[1] In *Kleikamp v. Board of County Commissioners*, 240 Or App 57, 59-60, 246 P3d 56 (2010), we explained the relationship between Measure 37 and Measure 49:

"Ballot Measure 37 (2004) * * * was enacted through the initiative process and codified as *former* ORS 197.352 (2005), *amended by* Oregon Laws 2007, chapter 424, section 4, *renumbered as* ORS 195.305 (2007). Measure 37 essentially provided that public entities that enacted or enforced land use regulations that adversely affected the fair market value of a claimant's property either had to pay just compensation or waive the offending regulations. Measure 37, however, was controversial. The potential disruptive effect of Measure 37 development, together with a lack of clarity in Measure 37's provisions, led to calls for a revision of the measure.

"Ultimately, the 2007 Legislative Assembly referred to the voters a substitute statute, Ballot Measure 49, that narrowed the effect of Measure 37, including a reduction in the degree of residential development allowed under a requested Measure 37 waiver. The voters approved Measure 49, and it became effective on December 6, 2007."

(Internal quotation marks, citations, and brackets in original omitted; omission in original.)

[2] We note that plaintiffs contend that their "contract" was breached as well as impaired. Nevertheless, regardless of how their claim is styled, it turns on the premise that a Measure 37 waiver is a contract. We rejected that premise in *Smejkal v. DAS*, 239 Or App 553, 558, 246 P3d 1140 (2010), in which we concluded that "no contract was formed by the issuance of any Measure 37 waiver."

*DAS*, 239 Or App 553, 246 P3d 1140 (2010), and reject them here as well without further discussion.[3]

Plaintiffs also contend that the court erred in dismissing their claim for declaratory relief in which they sought a declaration that they "have a common law vested right to complete and continue the use approved and described in their Ballot Measure 37 waivers."[4] As explained in *Kleikamp v. Board of County Commissioners*, 240 Or App 57, 65, 246 P3d 56 (2010), "proof of 'substantial expenditures' is the *sine qua*

---

[3] Although the trial court properly granted defendants summary judgment as to plaintiffs' claims concerning impairment of contract and separation of powers and properly dismissed plaintiffs' impairment of contract claim, plaintiffs' claim related to the separation of powers issue was a claim for declaratory relief. Because plaintiffs sought declaratory relief, the trial court erred in dismissing the claim rather than declaring plaintiffs' rights. *See Advance Resorts of America, Inc. v. City of Wheeler*, 141 Or App 166, 180, 917 P2d 61, *rev den*, 324 Or 322 (1996) ("A claim for declaratory relief may be dismissed only if there is no justiciable controversy."). Accordingly, we vacate the judgment concerning the claim for declaratory relief and remand the judgment with instructions that the court enter a judgment declaring that defendants' actions do not violate the constitutional provisions concerning separation of powers. *See Doe v. Medford School Dist. 549C*, 232 Or App 38, 46, 221 P3d 787 (2009) ("When the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim * * *, our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the merits.").

[4] As pertinent here, section 5(3) of Measure 49 provides that claimants who had filed Measure 37 claims before June 28, 2007, had an entitlement to just compensation as provided in

"[a] waiver issued before the effective date of this 2007 Act [December 6, 2007] *to the extent that* the claimant's use of the property complies with the waiver and *the claimant has a common law vested right on the effective date of this 2007 Act to complete and continue the use described in the waiver*."

(Emphasis added.)

In *Kleikamp*, we explained that,

"[i]n *Friends of Yamhill County[ v. Board of Commissioners*, 237 Or App 149, 238 P3d 1016 (2010)], we examined the meaning of the term 'common law vested right' as used in section 5(3) of Measure 49. In doing so, we surveyed Oregon case law, including the Supreme Court's decision in *Clackamas Co. v. Holmes*, 265 Or 193, 198-99, 508 P2d 190 (1973), in which the court established factors for determining whether a common law vested right exists in a particular case, including (1) the ratio of development expenditures to the total project cost; (2) whether the landowner's expenditures were made in good faith; (3) whether the expenditures are related to the completed project or could apply to other uses of the property; and (4) the nature, location, and ultimate cost of the project."

240 Or App at 60. *See also Friends of Yamhill County*, 237 Or App at 159-65 (surveying Oregon's vested rights case law).

*non* of a vesting determination." In other words, to demonstrate the existence of a common-law vested right, the proponent of that position must prove actual "substantial expenditures."

Here, even if we assume, as plaintiffs urge, that the trial court erred in concluding that "Measure 37 waivers are not transferable property rights" and that, to demonstrate the existence of a common law vested right, "expenditures must be directly made by Measure 37 claimants,"[5] defendants were entitled to judgment as a matter of law. That is so because plaintiffs have not identified evidence in the summary judgment record demonstrating expenditures that are arguably "substantial" for purposes of vesting pursuant to Measure 49 under our reasoning in *Friends of Yamhill County v. Board of Commissioners*, 237 Or App 149, 238 P3d 1016 (2010).[6] *See* ORCP 47 C (providing, in part, that "[t]he adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial").

Accordingly, the trial court did not err in granting defendants' summary judgment motion on the ground that plaintiffs did not have a common law vested right to complete

---

[5] Our analysis and disposition imply no view as to the correctness of either of those propositions.

[6] At trial and on appeal, plaintiffs relied on a declaration submitted by their attorney pursuant to ORCP 47 E as evidence of the incurred development expenditures. That declaration states, in part, that "[p]laintiffs will present one or more expert witnesses who are competent, willing and able to testify" to the expenditures incurred in developing the property. We agree with the trial court that, under the circumstances of this case, "[t]he declaration of plaintiffs' attorney does not satisfy [ORCP 47 E] because there is nothing indicating an expert's testimony is required * * *." *See* ORCP 47 E (providing, in part, that, "[i]f a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion").

Further, on appeal, plaintiffs rely on other documents to demonstrate that expenditures were made, including, *inter alia*, development agreements, the Measure 37 claim form, land use applications and permits, as well as the allegations in the operative pleading. Nevertheless, those documents do not demonstrate expenditures that are arguably "substantial" for purposes of vesting pursuant to Measure 49.

and continue the use as provided in the Measure 37 waivers. However, as explained above, 240 Or App at 72 n 3, the court erred in dismissing the claim for declaratory relief rather than declaring plaintiffs' rights. For that reason, we vacate the judgment as it pertains to the claim for declaratory relief concerning plaintiffs' purported common law vested right and remand with instructions that the court enter a judgment declaring that plaintiffs do not have a common law vested right to complete and continue the use as provided in the Measure 37 waivers.[7]

Finally, we turn to plaintiffs' promissory estoppel claim. We agree with the trial court's determination that, "[e]ven if [the court] assumes all other elements are present, which they are not, the element of reliance is not."[8] As the county notes, "[t]here was no 'promise' beyond the statutory remedy provided." We recognized as much in *Smejkal*, noting that "Measure 37 lacks any similar commitment by the state not to repeal or amend waivers in the future." 239 Or App at 560. Accordingly, the trial court did not err in granting defendants summary judgment as to the promissory estoppel claim and in, ultimately, dismissing that claim.

Vacated and remanded with instructions to enter a judgment declaring that defendants' actions do not violate the constitutional provisions concerning separation of powers and that plaintiffs do not have a common law vested right to complete and continue the use as provided in the Measure 37 waivers; otherwise affirmed.

---

[7] In light of our disposition, we need not address plaintiffs' alternative contention that the trial court erred in determining that plaintiffs were required to obtain certain land use permits from the county as a "condition precedent to asserting a Measure 49 common law vested right." *Cf. Norwood v. Washington County*, 239 Or App 542, 551-52, 245 P3d 659 (2010) (reasoning that, where a county waiver conditioned development on the approval of land use permits and a state Measure 37 waiver and the plaintiffs lacked the predicate permit and state waiver, plaintiffs' use of the property did not comply with the county waiver).

[8] *See Furrer v. Southwestern Oregon Community College*, 196 Or App 374, 382, 103 P3d 118 (2004) (stating that promissory estoppel concerns a promise, "which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred," and actual reliance on that promise that results in a substantial change of position).